### SILAS PRICE *v.* N. P. PEAK, ETC.

**Husband and Wife—Undertaking of Wife—Nudum Pactum.**

Where a married woman, without consideration, undertook, under certain conditions, to pay one of plaintiff's obligations already assumed on an injunction bond, the undertaking is a nudum pactum, and cannot be enforced.

**Husband and Wife—Indemnity Contract by Wife.**

Where a married woman, by writing, assumes to indemnify a surety by agreeing under certain conditions to pay an obligation for which she is not liable, the court will not so enlarge her powers as to place her on a plane with a feme sole as to third persons.

APPEAL FROM CARROLL CIRCUIT COURT.

September 20, 1873.

OPINION BY JUDGE PRYOR:

This is an attempt to subject what is alleged in the petition to be the separate estate of a married woman to the payment of a liability assumed by the latter without any consideration. The writing declared on is as follows:

"If Silas Price is compelled to pay the money enjoined and now in the Louisville Chancery Court, said to be mother's proposition of the Craig's heirs' agreement drawn by A. G. Craig, and no property of mother's is found, I agree to pay half of same, otherwise the paper is null and void and to be given to me and her 1863.

"N. P. PEAK."

The appellant fails to allege in his petition any consideration whatever for the assumption on the part of the appellee of the one-half of appellant's liabilities already created in the event this injunction

against his mother was dissolved. An obligation to pay money or do any other act ordinarily imports a consideration; but when the writing itself discloses the subject-matter of the contract or that which forms the inducement for the promise or agreement to pay and there is a want of consideration appearing on the face of the instrument, a petition therefor is clearly defective unless a consideration is alleged. If A alleges that he was liable as the surety of B and that C after the creation of this liability undertook to pay one-half the sum in the event A, as the surety, had it to pay, no recovery can be had, as the promise or writing upon its face shows it to be a *nudum pactum.* This proposition we think too plain for argument, and certainly so when the chancellor is asked to subject the estate of a *feme covert* to the payment of such a liability. The facts alleged in the petition must be such as would authorize a judgment by default against a party laboring under no disability.

It does not appear that the appellee derives any benefit whatever from the creation of the obligation and it can not be maintained that a recovery can be had without proof, and it is required that the consideration should have been alleged. The obligation by its terms show that the *feme covert* only signed it as an indemnity for one who had already become the surety of another or at least to pay a debt for which she was not liable. Such a promise will not be enforced against a married woman even with a consideration so as to subject the character of the estate alleged to have been held by the appellee in this case. The only change made in her estate is the agreement on the part of the husband that he will take no interest in it. The wife was never divested of her title nor her estate enlarged or diminished. She had the same character of estate after the writing was signed that she had before. A conveyance by her would not have passed the title unless in conjunction with her husband. She can not contract with herself as to make her a *feme sole.* It is true that grants or conveyances may be made by third persons to a married woman by which she may act as a *feme sole* in the execution of powers conferred by the instrument, but she can not by the execution of a writing to herself either by an ante-nuptial or post-nuptial contract remove all such disabilities as belong to *feme coverts* in the disposition of their property. There would be little use for the court, without any law authorizing a married woman to trade as a *feme sole* or for one not married to act as such when she becomes

*covert* if by her own declaration in writing spread upon the county records, she and her intended husband can say that when married the wife shall have the power to act as a *feme sole*. This court under such an agreement will not so enlarge her powers as to place her with reference to third persons as a *feme sole,* and particularly in enforcing such a liability as she seems to have assumed in this case. Nor are we prepared to say, assuming the estate to be as is insisted by appellant's counsel, that it could be subjected to the payment of the debt, even where there was a valuable consideration. Judgment *affirmed*.

*Winslow, for appellant.*

*Masterson, for appellee.*